**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ERASMUS GYAMFI ANTWI,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE,

    Defendant.

Case No. 1:21-cv-748

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, Erasmus Gyamfi Antwi, proceeding *pro se,* filed suit on October 25, 2021 in Butler County Area III Court. The case was removed to this Court by Defendant, Barclays Bank Delaware, on December 1, 2021, based upon federal question jurisdiction. Plaintiff's only claim alleges violations of § 623 of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* as well as violations of an allegedly "self-executing contract" he sent to Defendant. (*See* Doc. 1). Pursuant to local practice, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 4) has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. §636(b). For the reasons stated herein, Defendant's motion should be granted.

    **I.**    **Facts Alleged in the Complaint**

Plaintiff disputes information that he alleges that Defendant furnished to three credit reporting agencies. Plaintiff alleges that he attempted to resolve the dispute by sending correspondence via certified mail that Defendant received on November 25, 2020. In Plaintiff's initial correspondence, Plaintiff demanded that Defendant produce

records to validate information provided by Defendant to the credit reporting agencies, and included a second document identified as a "Conditional Acceptance Affidavit" and/or a "self-executing contract." (Doc. 3 at 3, ¶2; *see also id*. at 8, Section 2). Plaintiff alleges that Defendant "agreed" to the terms of the alleged "contract" by failing to respond within ten business days, alleging that Defendant's silence is equivalent to consent to the alleged contractual terms.

The alleged contractual terms, according to Plaintiff, included Defendant's concession that Plaintiff owes no debt, that Defendant previously furnished false information to the credit rating agencies and will "remove[] all "negative remarks," and will extinguish any remaining debt and/or agree not to sue for any "remaining uncertified account balance…or [to] bring it back under any 3rd party debt collector for perpetuity." (Doc. 3 at 8). After receiving no response to his initial correspondence, Plaintiff sent a second "Notice of Default & Estoppel and Opportunity to Cure Default" by certified mail that Plaintiff alleges Defendant received on March 3, 2021. (Doc. 3 at 3, ¶ 4). After receiving no response again, Plaintiff sent a third packet, entitled "Final Due Notice of Default & Estoppel," that Defendant allegedly received on April 26, 2021. (Doc. 3 at 4, ¶5). When Defendant again failed to respond, Plaintiff sent Defendant a "Notice of Bill/Invoice" that Plaintiff alleges Defendant received on June 15, 2021. (*Id*. at ¶6). In the referenced Notice, Plaintiff again asserts that Defendant has acquiesced to his claims by its failure to respond to his prior mailings, and seeks to collect $7,986.00 in damages. The Notice further warns that Plaintiff intends to file suit absent payment. In accordance with that warning, Plaintiff initiated suit in state court on October 25, 2021.

2

After removing the case to federal court, Defendant filed a Motion to Dismiss for Failure to State a Claim December 8, 2021. (Doc. 4). When Plaintiff failed to respond to Defendant's motion, this Court issued an Order to Show Cause on January 20, 2022 (Doc. 5). Plaintiff responded to the Court's Order on February 11, 2022. (Doc. 6).

## II.     Standard of Review

The standard of review applicable to a Rule 12(b)(6) motion to dismiss requires this Court to "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir.2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.,* 508 F.3d at 336.

## III.    Analysis of Motion to Dismiss

Defendant's motion points to significant problems with the complaint. (Doc. 4). First, the complaint generally cites to § 623 of the FCRA, *see* 15 U.S.C. § 1681 *et seq.*, without specifying *which* provision of the FCRA under which Plaintiff seeks relief. In his response in opposition to the pending motion, Plaintiff unequivocally clarifies that he seeks relief under subsection (a) of the FCRA. However, no private right of action can be brought under that provision.

3

> The FCRA does not provide a private right of action for violations of 15 U.S.C. 1681s-2(a), which occur when a creditor routinely provides inaccurate information to credit reporting agencies.

*Dalton v. Providian Nat. Bank*, 2007 WL 1655509, at *3 (N.D. Ohio June 4, 2007); *see also generally*, 15 U.S.C. § § 1681s-2(c) and (d).

A private right of action may be stated, under certain circumstances, for violations of the FCRA under subsection (b), see 15 U.S.C. 1681s-2(b), for a furnisher's willful or negligent failure to comply with FCRA requirements. However, remedies under that provision are limited in order to balance the interests of the parties and to discourage consumers from filing frivolous disputes.

> In light of § 1681s–2(c)'s express limits, consumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a CRA. Inasmuch as CRAs need not forward frivolous disputes along to furnishers, *see* § 1681i(a)(3), this statutory framework provides consumers with a private remedy against negligent or willful misconduct by a furnisher, while it simultaneously protects furnishers from answering frivolous consumer disputes. *See Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1060 (9th Cir.2002). Such an understanding of § 1681s-2 - one that recognizes a private right of action against a furnisher, but only for failing to comply with relevant requirements, here § 1681s-2(b) - has been adopted by every circuit to address the issue.

*Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012). Based upon Plaintiff's express reliance on subsection (a) of the FCRA as opposed to subsection (b), the undersigned recommends dismissal of the sole FCRA claim alleged by Plaintiff.

To the extent that Plaintiff's response in opposition to dismissal could be construed as suggesting that he may wish to proceed instead under 15 U.S.C. § 1681s-2(b), which does allow a limited private right of action, the undersigned would still recommend dismissal of the complaint for failure to state a claim. A defendant furnisher of information cannot be held liable under § 1681s-2(b) unless the furnisher first receives notification of

4

the inaccuracy from the consumer reporting agency, fails to conduct a reasonable investigation, and fails to correct the error. *Boggio*, 696 F. 3d at 615-16. As drafted, Plaintiff's initial complaint contains no allegations to suggest that Plaintiff notified any consumer reporting agency of the dispute, that the consumer reporting agency provided notice of the dispute to Defendant, and/or that the Defendant then failed to conduct a reasonable investigation or to correct any inaccuracy. In fact, Plaintiff fails to identify any specific error contained within his credit report at all. Instead, he merely alleges that Defendant failed to produce certain business records *to Plaintiff* concerning the account on which it furnished information to the credit reporting agencies. Therefore, Plaintiff has failed to state a claim under any provision of the FCRA. *See Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir. 2004) (affirming judgment to defendant where plaintiffs failed to show that furnisher received notice of dispute from consumer reporting agency rather than from plaintiffs, additional citation omitted).

In his response in opposition to dismissal, Plaintiff briefly asserts that the Defendant has "incorrectly presumed" that he failed to contact the three reporting agencies prior to filing this lawsuit. (Doc. 6 at 2). Thus, Plaintiff's response could be liberally construed to suggest that perhaps he seeks to pursue a different cause of action under subsection (b), notwithstanding his express citation to subsection (a). Although no salient facts are included to support such a claim, in his opposing memorandum, Plaintiff refers the Court to the "attached…certified receipt mails to Experian, Transunion, & Equifax disputing this derogatory account." (Doc. 6 at 2). Plaintiff asserts that the referenced receipts prove that he did in fact previously contact the reporting agencies

5

regarding his dispute. He further asserts that "on each occasion, the responses from the 'CRA' was that the account has been verified by the [Defendant]." (*Id.*)

Defendant filed no reply to Plaintiff's response. However, when considering a motion to dismiss under Rule 12(b)(6), this Court limits review to the allegations of the complaint.[1] In the interests of justice, the undersigned will recommend that the Defendant's motion to dismiss the FCRA claim be granted without prejudice, to allow Plaintiff a short amount of time to file an amended complaint should he seek to re-allege his claim under subsection (b) of the FCRA.

In addition to the failure of Plaintiff's complaint to state any claim under the FCRA as currently pled, Plaintiff fails to state any type of contract claim on which relief can be granted. "It is axiomatic that the formation of a contract is dependent upon both offer and acceptance and that silence in response to an offer does not generally indicate assent." *Univ. Hospitals of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 130, 772 N.E.2d 105 (2002). While exceptions to this general rule exist in limited circumstances, the facts alleged by Plaintiff provide no basis for any exception under Ohio law. Contrary to Plaintiff's apparent belief, a contract is not "self-executing" through declaration of the only consenting party.

### IV. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 4) be **GRANTED**, and that this case be

---

[1] Even if Plaintiff's evidentiary exhibits were to be considered, Plaintiff has attached certified mail receipts dated June 27, 2020 that are addressed only to Equifax and Transunion - not Experian. In addition, the Court is unable to ascertain what was mailed on June 27, 2020 from the receipts alone. In short, Plaintiff's vague assertion that he made some contact with the credit reporting agencies to dispute the debt prior to filing suit against the Defendant is insufficient to remedy his failure to state a claim in his complaint.

dismissed and stricken from the active docket;

2. Notwithstanding paragraph 1 and independent of Plaintiff's right to file any objections to this R&R, Plaintiff *may* move for leave to file an amended complaint within fourteen (14) days.  If Plaintiff chooses to file a motion seeking leave to amend his complaint, he must include a copy of the tendered amended complaint.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ERASMUS GYAMFI ANTWI,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE,

    Defendant.

Case No. 1:21-cv-748

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).